UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:_____

TRUSTEES OF THE FLORIDA CARPENTERS PENSION FUND,
TRUSTEES OF THE FLORIDA UBC HEALTH FUND; TRUSTEES
OF THE FLORIDA CARPENTERS TRAINING TRUST FUND;
CARPENTERS LOCAL 1905; AND FLORIDA CARPENTERS
REGIONAL COUNCIL

      Plaintiffs,
v.

COOK RETAIL CONSTRUCTION SERVICES, LLC.

      Defendant.
_____/

## COMPLAINT

### GENERAL ALLEGATIONS

**COME NOW** the Plaintiffs, and file this Complaint against Defendant, and allege the following:

1. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended (29 USC §185), (hereinafter referred to as the "Act"), and §502 and §515 of the Employee Retirement Income Security Act of 1974 (29 USC §1132 and §1145) (hereinafter referred to as "ERISA").

2. Plaintiffs are as follows:

   A. The Florida Carpenters Pension Fund is an Employee Benefit

    Plan which is a multi-employer employee benefit plan within the meaning of ERISA.

  B. The Florida UBC Health Fund (hereinafter "Health Fund"), is an Employee Benefit Plan which is a multi-employer employee benefit plan within the meaning of ERISA

  C. The Florida UBC Pension Stabilization Fund (hereinafter "Stabilization Pension Fund"), is a supplemental contribution to the Florida Carpenters Pension Fund

  D. The Florida Carpenters Training Trust Fund (hereinafter "Apprenticeship Fund"), is a multi-employer employee benefit plan within the meaning of ERISA.

  E. The Board of Trustees are the Trustees and Fiduciaries of the named employee benefit plans.

  F. Carpenters Local Union 1905 is a part of Florida Carpenters Regional Council and is an unincorporated labor organization.

3. The Defendant is a limited liability company organized and existing under the laws of the State of Florida.

4. The unpaid contributions and unpaid dues are for work performed in the Middle District of Florida, including at Lake County, Florida within this judicial district.

5. The Defendant is an employer engaged in commerce within the meaning of the Act.

6. The Defendant is signatory to and bound by he collective bargaining agreement attached as Exhibit A.

# COUNT I

# TRUSTEES AND EMPLOYEE BENEFIT PLANS REQUEST FOR AN ORDER COMPELLING PRODUCTION OF DEFENDANT'S BOOKS AND RECORDS TO DETERMINE ACCURACY OF CONTRIBUTIONS MADE OR REQUIRED TO BE MADE

Plaintiff Plans and Trustees sue Defendant and allege:

7. Plaintiffs' re-allege and adopt by reference the allegations in paragraphs 1 - 6.

8. By Article 18 of the collective bargaining agreement, the Defendant ratified the Agreements and Declarations of Trust and Rules and Regulations of the fringe benefit funds.

9. The Plaintiff Trust Funds's Declarations of Trust provide:

*__Section 4.4__   __Production of Records.__  Each Employer shall promptly furnish for inspection to the Trustees or their designee, on demand, all payroll records relating to __all__ employees (not only those employees conceded by the employer to be*

> *covered by a collective bargaining agreement requiring contributions to the Fund). The payroll records required to be produced shall include but not be limited to: (1) IRS Form 941; (2) Unemployment Compensation Tax Form UCT-6; (3) payroll journal, disbursements journal, payroll subsidiary; (4) time and job record cards; (5) listing or schedule of subcontractors; (6) all other payroll records.*
>
> *Each Employer shall promptly furnish to the Trustees, on demand, the names of his employees, Social Security numbers, the hours worked by each employee and such other information as the Trustees may reasonable require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The union shall, upon the request of the Trustees, promptly furnish information available to it in respect to an Employee's employment status.*

10. On or about December 7, 2022, Plaintiff funds, through its certified public accountant, sent a demand letter (Exhibit B) seeking Defendant's compliance with its obligation to provide the payroll records in compliance with the Trust documents.

11. Subsequently, the certified public accounting firm spoke with

4

        Defendant's President who agreed to furnish the required documents.

12. Follow up emails were sent to Defendant's President when the records were not forthcoming, with no response.

13. On January 18. 2023, Plaintiffs' counsel sent emails to Defendant's President and his spouse who was is an employee of Defendant demanding a prompt response that the defendant would comply with its obligations to provide the requested documents.

14. There has been no response from Defendant either to the follow up emails from the certified public accountant or Plaintiffs' counsel.

## COUNT II

## TRUSTEES AND EMPLOYEE BENEFIT PLANS CLAIM FOR UNPAID CONTRIBUTIONS, LIQUIDATED DAMAGES, INTEREST AND ATTORNEY'S FEES UNDER ERISA §502 AND §515

Plaintiff Plans and Trustees sue Defendant and allege:

15. Plaintiffs' re-allege and adopt by reference the allegations in paragraphs 1 - 6

16. The Defendant is obligated to provide monthly contribution report forms and make contributions to the Trustees of the multi-employer Plan(s) under the terms of the collective bargaining agreement, a

copy of which is attached as Exhibit A.

17. Said contributions are to be made to Plaintiffs.

18. The contributions due are for work performed in this judicial district from the month of March, 2022 and thereafter.

19. The Defendant has failed to pay contributions due in a timely manner, and currently has failed to file timely reports or pay contributions for the months of October, November and December, 2022.

20. In addition, upon information and belief, Defendant has failed to include in the contribution report forms previously submitted, all hours worked by employees performing work under the collective bargaining agreement and has failed to pay contributions due for hours worked by those employees.

21. The Plaintiffs are entitled to a reasonable attorney's fee for the maintenance of this action and the costs of bringing this action.

22. Plaintiffs are entitled to liquidated damages, both for the contributions currently unpaid pursuant to the collective bargaining agreement and/or Trust Agreement and/or ERISA.

**WHEREFORE,** Plaintiffs' Plans and Trustees pray that this Court grant unto them the following relief:

23. That the Defendant be ordered to produce Defendant's books and records to allow a determination of the accuracy of contributions made or required to be made to Plaintiff Trust Funds.

24. That a Final Judgment for damages be entered in favor of the Plaintiff Plans and Trustees and against the Defendant by reason of the above for:

    A. Unpaid contributions, including those determined to be unpaid after a review by the certified public accountan of the funds.

    B. Liquidated damages of 20% of the unpaid contributions.

    C. Interest at the rate of 15% per annum as provided for in the Trust Agreements adopted by reference in the collective bargaining agreement.

    D. Reasonable attorney's fees.

25. That the Court grant such other relief as it deems just and proper.

## COUNT II

**UNION CLAIM FOR UNPAID DUES CHECKOFF PAYMENTS WITHHELD FROM WAGES OF EMPLOYEES**

Plaintiff Unions sue Defendant and alleges:

26. Plaintiff Union re-allege and adopt by reference the allegations in

paragraphs 1 - 6.

27. Pursuant to the collective bargaining agreement, the Defendant has withheld dues check-off payments or was required to withhold dues checkoff payments from the wages of its employees but has failed and refused to remit such contributions to the Unions in accordance with the collective bargaining agreement.

28. The Unions are entitled to a judgment for the unpaid dues check-off payments.

WHEREFORE, Plaintiff Unions request that a Final Judgment for damages be entered in favor of the Plaintiff Unions by reason of the above.

Dated: February 2, 2023

Respectfully submitted,

**VENABLE LAW FIRM, P.A.**

By: S/W. Eric Venable

W. Eric Venable, Esquire
Trial Attorney for Plaintiffs
Florida Bar:  149593
7402 N. 56th Street, Suite 380
Tampa, Florida  33617
(813) 985-7122 - Telephone
(813) 985-8622 - Facsimile
eric@venablelawfirm.com