# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**TRUSTEES OF THE FLORIDA CARPENTERS PENSION FUND, TRUSTEES OF THE FLORIDA UBC HEALTH FUND, TRUSTEES OF THE FLORIDA CARPENTERS TRAINING TRUST FUND, CARPENTERS LOCAL 1905 and FLORIDA CARPENTERS REGIONAL COUNCIL,**

    Plaintiffs,

v.                                                                                                  Case No: 5:23-cv-76-JSM-PRL

**COOK RETAIL CONSTRUCTION SERVICES, LLC,**

    Defendant.

## Order

In this Employment Retirement Income Security Act (ERISA) of 1970, 29 U.S.C. § 1132 and National Labor Relations Act, 29 U.S.C. § 185, case, Plaintiffs seek a default judgment as to Count I of the complaint against Defendant, Cook Retail Construction Services, LLC., an entity (Doc. 11). On June 2, 2023, the Court Ordered the defendant to show cause within fourteen days why default judgment should not be entered for its failure to appear or otherwise defend this action. (Doc. 15). On June 20, 2023, **eighteen days** later, James Cook (the president of the company, who is not a lawyer) filed a response on behalf of Defendant, arguing the merits of the action and representing that he (and presumably the Defendant) cannot afford an attorney. (Doc. 16 at 2).

However, Mr. Cook's filing is insufficient to respond to this Court's Order. A non-lawyer individual cannot represent a corporation or other legal entity. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); M.D. Fla. Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only."). In other words, Mr. Cook, who is not a lawyer, cannot represent the company he is the president of in federal court. While the Court appreciates Mr. Cook's desire to represent Defendant given its proclaimed financial circumstances, "a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings." *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, No. 3:09CV2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010). Indeed, "[p]ro se litigation is a burden on the judiciary . . . and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits." *United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008) (first citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); then citing *Cap. Grp., Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265 (E.D. Wis. 1991)). Case law from this District and others reaffirm that financial hardship fails to excuse a corporation (or other legal entity) from being represented by counsel. *See, e.g.*, *Robinson v. G.C.L. Constr., Inc.*, No. 0:17-CV-60084-KMM, 2017 WL 11726375, at *2–3 (S.D. Fla. Apr. 25, 2017) (corporation's "continued failure to retain counsel of record will result in that company remaining defaulted in this case") (citations omitted).

Instead, if Defendant would like to appear or otherwise defend this action, it must secure counsel and respond to the complaint. The Court will grant Defendant an additional **fourteen days from the date of this Order** to retain counsel and have them file a notice of appearance and respond to the complaint. **A failure to respond may result in default being entered**.

The Clerk is **directed** to serve a copy of this Order on Defendant at its address for service:

James Cook
Cook Retail Construction Services LLC.,
8610 NE 43rd Way Suite 1
Wildwood, Florida 34785.

**DONE** and **ORDERED** in Ocala, Florida on June 22, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties